AO 472 (Rev. 6/05) Order of Detention Pending Trial

# United States District Court
## Eastern District of Michigan

United States of America          **ORDER OF DETENTION PENDING TRIAL**

v.

TANYA SEGUIN _____/      Case Number: 09-30191

           Defendant

      In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

❑    (1)  I find that:
> ❑ there is probable cause to believe that the defendant has committed an offense
> ❑ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 or 846;
> ❑ under 18 U.S.C. § 924(c).

❑    (2)  I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

✔ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

❑ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

✔ I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):
> ✔ (a) nature of the offense - Unauthorized entry in to United States by eluding examination and inspection by INS.
> ✔ (b) weight of the evidence - Extremely strong evidence. Defendant found hiding in car trunk at the U.S./Canadian Border.
> ✔ (c) history and characteristics of the defendant -
>> ✔ 1) physical and mental condition - Multiple health issues, including mental health and drug abuse history.
>> ✔ 2) employment, financial, family ties - Unemployed, minimal assets; no contacts within the U.S.A; minimal family contacts in Canada.
>> ✔ 3) criminal history and record of appearance - Fourteen prior convictions (in Canada) for fraud, theft harassment and assault. One weapons offense. She has a history of failure to appear and failure to comply with probation terms.
> ❑ (d) probation, parole or bond at time of the alleged offense -
> ❑ (e) danger to another person or community -

This person strikes me as unstable. She has a long record of criminal conduct, including four harassment/assault offenses, some directed at police officers. She is subject to an immigration detainer and liable to deportation if released. I view this as a substantial flight risk. Pretrial Services recommends detention. I agree.

### Part III – Directions Regarding Detention

      The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

                     s/Donald A. Scheer _____

Date: April 13, 2009              *Signature of Judge*

                 Donald A. Scheer, United States Magistrate Judge _____

                      *Name and Title of Judge*